UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**            'O'

| Case No. | 2:19-CV-05772-CAS-MRWx | Date | August 10, 2021 |
|---|---|---|---|
| Title | LUXOTTICA GROUP S.P.A. v. TYLER THORNTON ET AL. | | |

Present: The Honorable    CHRISTINA A. SNYDER

| Catherine Jeang | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**      (IN CHAMBERS) - REQUEST FOR ENTRY OF DEFAULT AGAINST ALL DEFENDANTS (Dkt. 22, filed on October 1, 2020)

On July 2, 2019, plaintiff Luxottica Group, S.p.A. filed this action against defendant Tyler Thornton ("Tyler"), who is apparently the owner, director or managing agent of Luxxe Sunnies, LLC ("Luxxe Sunnies") and Thornton Investment Group, Corp. ("TIG"). Dkt. 1. On August 28, 2019, plaintiff filed a first amended complaint adding as defendants Luxxe Sunnies, TIG, and Lindsay Thornton ("Lindsay"), who is apparently the owner, director or managing agent of Luxxe Sunnies. Dkt. 11 ("FAC") ¶¶ 5–8. Plaintiff is the owner of various eyeglasses brands, including Ray-Ban, for which it owns several registered trademarks. Id. ¶¶ 11–14. Plaintiff alleges that defendants have infringed on its trademarks by importing, distributing, advertising, and selling counterfeit reproductions of plaintiff's products. Id. ¶¶ 19–22. Plaintiff asserts claims for: (1) trademark infringement, pursuant to 15 U.S.C. § 1114; (2) false designation of origin and false designations, pursuant to 15 U.S.C. § 1125(a); (3) trademark dilution, pursuant to 15 U.S.C. § 1125(c); (4) violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.*; and (5) common law trademark infringement and unfair competition. Id. ¶¶ 29–78.

On August 30, 2019, plaintiff's process servicer personally delivered the summons and FAC to one Jo N., apparently an agent for service of process for Luxxe Sunnies and TIG. Dkts. 14, 15. The proofs of service do not list a complete last name for Jo N. And on January 24, 2020, plaintiff's process servicer personally delivered a copy of the summons and FAC to Tyler, dkt. 21, and delivered copies to Lindsay by substituted service, dkt. 20.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                                    **'O'**

| Case No. | 2:19-CV-05772-CAS-MRWx | Date | August 10, 2021 |
|---|---|---|---|
| Title | LUXOTTICA GROUP S.P.A. v. TYLER THORNTON ET AL. | | |

Defendants failed to respond or appear.  On October 1, 2020, plaintiff requested that the Clerk of Court enter default against all defendants.  Dkt. 22.  The Clerk entered default against Tyler and Lindsay on October 2, 2020.  Dkt. 23.  But, with regard to Luxxe Sunnies and TIG, the Clerk submitted a Notice of Deficiency stating that it was "unable to determine the Propriety of Service of Process on the authorized agent, in that the full Last Name is missing, only an initial 'N.' for last name."  Dkt. 24.  The Clerk thus forwarded the request for entry of default against Luxxe Sunnies and TIG to this Court.  Since then, plaintiff has made no additional filings.

Federal Rule of Civil Procedure 4(h) provides that a domestic or foreign corporation must be served, if in a judicial district of the United States, either "in the manner prescribed by Rule 4(e)(1) for serving an individual," or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process . . . ." Fed. R. Civ. P. 4(h)(1)(A)–(B).  Rule 4(e)(1) provides in turn that service may be accomplished by "following state law for serving a summons . . . ." Fed. R. Civ. P. 4(e)(1).  In California, if a party is served by personal service, proof of service must be made by affidavit of the person making service, and, among other things, that affidavit "shall recite or in other manner show the name of the person to whom a copy of the summons and of the complaint were delivered . . . ." C.C.P. § 417.10.

Here, it appears the proofs of service for Luxxe Sunnies and TIG fall short of the requirement imposed by the California Civil Code because they do not recite or show "the name" of the person to whom the summons and FAC were delivered, but rather provides only that person's first name and last initial.  See C.C.P. § 417.10.  And while the proofs of service state that Jo N. is an agent authorized by appointment or by law to receive service of process on behalf of Luxxe Sunnies and TIG, see Fed. R. Civ. P. 4(h)(1)(A), the proof of service form adopted by the Judicial Council of California, and used in this case, requires that the serving party "specify the name" of a person served on behalf of an entity or as an authorized agent.  Accordingly, it does not appear that plaintiff effectuated service upon Luxxe Sunnies and TIG.[1]

_____

[1] Although it appears Tyler and Lindsay are officers of, or managing or general agents for, Luxxe Sunnies and TIG, see Fed. R. Civ. P. 4(h)(1)(B), there is no indication

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                   **'O'**

| Case No. | 2:19-CV-05772-CAS-MRWx | Date | August 10, 2021 |
|---|---|---|---|
| Title | LUXOTTICA GROUP S.P.A. v. TYLER THORNTON ET AL. | | |

In accordance with the foregoing, the Court **DENIES without prejudice** plaintiff's request for entry of default against defendants Luxxe Sunnies, LLC and Thornton Investment Group, Corp. Plaintiff may file a renewed request for entry of default against these defendants which includes adequate proof of service **no later than August 31, 2021**. Failure to do so will result in dismissal for failure to prosecute.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |

---

that plaintiff caused to be served on Tyler or Lindsay the summons for Luxxe Sunnies or TIG, see Fed. R. Civ. P. 4(b) ("A summons . . . must be issued for each defendant to be served."). Therefore, plaintiff's service of Tyler and Lindsay does not appear to suffice as service for Luxxe Sunnies or TIG.